**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEITH DUANE ARLINE, JR., | No. 15-15293 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-03414-WBS-KJN |
| v. | |
| R. GOWER; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted July 26, 2016[**]

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

California state prisoner Keith Duane Arline, Jr., appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that defendants violated his Eighth Amendment rights by depriving him of outdoor exercise.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment for defendant Speers because Arline failed to raise a genuine dispute of fact as to whether Speers caused any constitutional violation. *See Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (discussing causation under § 1983).

The district court properly granted summary judgment for defendants Gower, Davey, and Hitt on the basis of qualified immunity because it would not have been clear to every reasonable official that depriving Arline of outdoor exercise in response to a violent attack on a prison official was unconstitutional. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 741 (2011) (explaining two-part test for qualified immunity); *see also Norwood v. Vance*, 591 F.3d 1062, 1068-70 (9th Cir. 2010) (discussing the application of qualified immunity where prisoners were deprived of outdoor exercise in response to prison violence).

**AFFIRMED.**